UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
GEORGE ELIAS IV, STEPHEN HADFORD,
and ROSS FOWLER,

                     Plaintiffs,                     Civil Action
                                                  Docket No. 1:15-cv-05953-PKC

v.

ROLLING STONE LLC, SABRINA RUBIN
ERDELY, and WENNER MEDIA, LLC,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ANSWER AND AFFIRMATIVE DEFENSES OF DEENDANTS ROLLING STONE LLC,
SABRINA RUBIN ERDELY, AND WENNER MEDIA, LLC
<u>TO PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

       Defendants Rolling Stone LLC ("Rolling Stone"), Sabrina Rubin Erdely ("Erdely"), and

Wenner Media LLC ("Wenner Media") (collectively, "Defendants"), by and through their

undersigned attorneys, hereby answer or otherwise respond to Plaintiffs' Second Amended

Complaint as follows:

<u>**GENERAL DENIAL**</u>

       Paragraphs 1 through 6 of the Second Amended Complaint purport to set forth in

allegations an introduction and summary of the action.  With respect to such allegations,

Defendants state the following.  Contrary to any suggestion by Plaintiffs that Phi Kappa Psi or

the members or alumni of Phi Kappa Psi's chapter at the University of Virginia ("UVA"),

including Plaintiffs, were surprised to learn of Jackie's allegations of sexual assault when the

article titled "A Rape on Campus: A Brutal Assault and Struggle for Justice at UVA" (the

"Article") was published on November 19, 2014, upon information and belief, for over two

months prior to publication of the Article, Phi Kappa Psi, Phi Kappa Psi's chapter at UVA,

1

fraternity members and alumni were being regularly advised by UVA personnel as to the specific allegations of sexual assault made by Jackie, and that an article was being written by Rolling Stone that could be expected to report such allegations.  By way of example only, Defendants state that UVA Dean Nicole Eramo has testified that she met with an executive of Phi Kappa Psi's national organization as well as a Phi Kappa Psi alumnus and advisor to the chapter at UVA – fraternity brothers of Plaintiffs – in September 2014 to discuss Jackie's allegations, which, upon information and belief, Dean Eramo found to be credible.  During the meeting, Dean Eramo provided these persons with all of the information she had concerning Jackie's allegations, except for Jackie's name, including the date of Jackie's alleged assault, and that one of Jackie's alleged assailants was potentially a Phi Kappa Psi member who worked at UVA's recreation center.  Dean Eramo has testified that, in sharing the information she had concerning Jackie's allegations with representatives of Phi Kappa Psi, she "was trying to emphasize the importance of them taking this matter very seriously and looking into it very seriously."  Upon information and belief, Dean Eramo conveyed the details with the expectation that Phi Kappa Psi and its members – those who had direct access to records and information that were not available to anyone outside of Phi Kappa Psi – would investigate those allegations, determine whether there were inconsistencies, and report back to UVA on their findings.

Upon information and belief, the national organization of Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, and members and alumni of Phi Kappa Psi's chapter at UVA – with whom Plaintiffs had joined together by mutual consent – undertook an investigation, as, for, and on behalf of the membership of Phi Kappa Psi's chapter at UVA, including Plaintiffs, into Jackie's allegations long before publication of the Article.  That investigation included communicating with members of the Phi Kappa Psi chapter at UVA in the fall of 2012, including Plaintiffs, and

it identified numerous inconsistencies in Jackie's allegations before publication of the Article and at a time when Defendant Erdely was seeking to interview Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, and fraternity members about Jackie's allegations.

Upon information and belief, as a result of their internal investigation, by no later than November 6, 2014 – nearly two weeks before the Article was published – Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, members, alumni and media professionals retained by this group knew of information that led them to believe there would be "unsubstantiated claims in the coming [Rolling Stone] article," and, in fact, discussed "contracting legal assistance in drafting and submitting a letter to the editorial board of Rolling Stone as an effort to alert them to what we feel are the unsubstantiated claims in the coming article."

However, despite multiple opportunities and requests from Defendant Erdely and UVA, Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, and their members, alumni and their media professionals chose to withhold this information from everyone – including Rolling Stone, Defendant Erdely, UVA administrators, and the Charlottesville Police Department – at a time when disclosing such information would have prevented publication of Jackie's allegations of sexual assault at Phi Kappa Psi on November 19, 2014.

Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, members, alumni and media professionals made the decision to wait until December 5, 2014 to issue a press release identifying discrepancies in the Article, some or all of which Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, and their members, alumni and media professionals knew about either weeks prior to or immediately after publication of the Article. Had Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, their members, alumni and media professionals made Defendant Erdely and/or Rolling Stone's editors aware of the factual discrepancies they uncovered during their internal

3

investigations prior to the publication of the Article, those factual discrepancies likely would have led Defendant Erdely and Rolling Stone to remove Jackie's allegations of sexual assault at Phi Kappa Psi, as reported by Jackie to Erdely, Dean Eramo, and others, from the final published Article.

Upon information and belief, Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, and members and alumni of Phi Kappa Psi's chapter at UVA also feigned surprise at learning about Jackie's allegations in their communications to the public and, later, in discussions with the members of the Columbia University Graduate School of Journalism ("Columbia") who authored the report titled, "Rolling Stone and UVA: The Columbia University Graduate School of Journalism Report; An anatomy of a journalistic failure" (the "CJR Report"), resulting in a flawed report. Upon information and belief, Columbia – like many others – was duped by these misrepresentations and, as a result, the CJR Report was materially affected by these omissions.

To the extent the Plaintiffs seek to introduce or characterize the action brought against Defendants differently, in any of the allegations of the Second Amended Complaint, which Plaintiffs do throughout their Second Amended Complaint, those allegations are denied. With respect to specific allegations in the Second Amended Complaint, Defendants respond as follows:

1.      Defendants admit that an article titled "A Rape on Campus: A Brutal Assault and Struggle for Justice at UVA," authored by Erdely, was published by Rolling Stone, and that Rolling Stone later removed the Article from its website. To the extent the allegations in Paragraph 1 purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants admit that the Article opens with "Jackie's" recollection of being sexually

assaulted by multiple men during a party at the Phi Kappa Psi fraternity house in the fall of 2012,

but deny that the assault is characterized in the Article as "a fraternity initiation ritual."

Defendants deny that the Article "alleges that the participants in the gang rape were either

brothers or rushees of Phi Kappa Psi." Defendants further deny that the Article "indicat[es] that

the alleged attackers were part of the class of 2013 and/or 2014" based on Dean Eramo's

statement to Jackie that "all the boys involved have graduated," since the Article clearly states

that Jackie doubted the accuracy of that conclusion. Defendants state that the Article reported

information sourced from Jackie and confirmed with others, including UVA, concerning

allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges,

which Defendants believed was credible at the time the Article was published. Responding

further, Defendants state, upon information and belief, that over a course of months prior to

publication of the Article multiple administrators at UVA and law enforcement officials had

interviewed and/or spoken directly with Jackie about these allegations and similarly believed

them to be credible. Defendants admit that Plaintiffs have sued the Defendants for defamation,

purportedly based on the Article. Defendants admit that the Article on rollingstone.com had

2,775,904 unique visitors from November 19, 2014 to April 5, 2015. Except as expressly

admitted, Defendants deny those remaining allegations of Paragraph 1 of the Second Amended

Complaint that are deemed to be allegations of fact. To the extent the remaining allegations of

Paragraph 1 of the Second Amended Complaint are deemed to be allegations of law, Defendants

are not required to plead thereto.

      2.     In response to the allegations of Paragraph 2 of the Second Amended Complaint,

which purport to characterize the Article, Defendants state that the Article speaks for itself and

respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.

Defendants deny the allegation in Paragraph 2 that "[t]hese statements and accusations of the events that occurred at Phi Kappa Psi are categorically false and have been disproved by publicly available information."  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 2 of the Second Amended Complaint regarding whether Phi Kappa Psi had a party, date function or gathering "that night." Defendants deny the allegation that Phi Kappa Psi did not "participate in rush or have a pledge class in the fall semester."  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations that no brother "existed by the name of 'Drew' or 'Haven Monahan,'" whether any member of Phi Kappa Psi worked as a lifeguard at the University's Aquatic and Fitness Center in 2012 or matched the description of "Drew" in the Article, or the truth or falsity of any other information in the Article sourced from Jackie, and therefore denies such allegations.  While Defendants believed the Article was accurate when Rolling Stone published it, and multiple administrators at UVA and law enforcement officials similarly believed the truth of Jackie's allegations, Defendants now lack knowledge or information sufficient to form a belief as to what in fact specifically befell Jackie on the night of September 28, 2012, though Defendants understand that Jackie continues to believe in the truthfulness of her allegations.  Responding further, Defendants incorporate by reference their General Denial as if set forth fully herein.

3.     To the extent the allegations of Paragraph 3 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Second Amended Complaint regarding Plaintiffs' membership in Phi Kappa Psi, whether Plaintiffs attended or graduated from UVA, what information was

"shown or listed on Plaintiffs' Facebooks [or] Phi Kappa Psi's website," or what information

about Plaintiffs claim was "common knowledge among current and former UVA students" and

therefore deny such allegations.  Defendants deny that the Article describes Jackie's alleged

assault as a "Phi Kappa Psi fraternity initiation ritual" and further deny that the Article

"claim[s]" that her alleged assailants were "specifically 2013 and 2014 graduates."  Defendants

state that the Article reported information sourced from Jackie and confirmed with others,

including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa

Psi members or pledges, which Defendants believed was credible at the time the Article was

published.  Responding further, Defendants state, upon information and belief, that over a course

of months prior to publication of the Article multiple administrators at UVA and law

enforcement officials had interviewed and/or spoken directly with Jackie about these allegations

and similarly believed them to be credible.  Except as expressly admitted, Defendants deny those

remaining allegations of Paragraph 3 of the Second Amended Complaint that are deemed to be

allegations of fact.

4.     In response to the allegations of Paragraph 4 of the Second Amended Complaint,

which purport to characterize the Article, Defendants state that the Article speaks for itself and

respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 4 of the Second Amended Complaint and therefore deny such

allegations.

5.     Defendants deny that "Plaintiffs' names will be forever associated with the

alleged gang rape."  Defendants are without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 5 of the Second Amended Complaint and therefore deny such allegations.

6.      Defendants deny that the Article has "had a devastating effect on each of the Plaintiffs' reputations."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Second Amended Complaint and therefore deny such allegations.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS REGARDING THE PARTIES

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Second Amended Complaint and therefore deny such allegations.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint and therefore deny such allegations.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint and therefore deny such allegations.

10.      To the extent the allegations of Paragraph 10 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 10 of the Second Amended Complaint are deemed to be allegations of fact, Defendants admit that Rolling Stone is a Delaware limited liability company, with its principal place of business in New York, but state that Rolling Stone LLC has three members: Wenner Media LLC, WM Holdings LLC, and BandLab USA, Inc.  Defendants admit that Rolling Stone publishes *Rolling Stone* magazine, but denies that Rolling Stone publishes the

magazine in conjunction with Wenner Media LLC.  Defendants also admit that the Article was published by Rolling Stone on Rolling Stone's website on November 19, 2014, and in Issue 1223 of *Rolling Stone* magazine, with the cover date of December 4, 2014, which was available for sale in stores on November 19, 2014.  Except as expressly admitted, Defendants deny those remaining allegations of Paragraph 10 of the Second Amended Complaint that are deemed to be allegations of fact.

11.     Defendants deny that Erdely was an employee of Rolling Stone and state that at all relevant times, Erdely was an independent contractor and Contributing Editor of Rolling Stone.  Defendants admit that Erdely resides in Pennsylvania and that she researched and wrote the Article.  To the extent the allegations of Paragraph 11 purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  To the extent any of the remainder of the allegations in Paragraph 11 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny the allegations.

12.     Defendants admit that Wenner Media LLC is a privately held Delaware limited liability company with its headquarters in New York, New York.  Defendants admit that Rolling Stone publishes *Rolling Stone* magazine, but deny that Rolling Stone publishes the magazine "in conjunction with" Wenner Media LLC.  Defendants admit that the Article was published by Rolling Stone on Rolling Stone's website on November 19, 2014, and in Issue 1223 of *Rolling Stone* magazine, with the cover date of December 4, 2014, which was available for sale in stores on November 19, 2014.  Except as expressly admitted, Defendants deny those remaining allegations of Paragraph 12 of the Second Amended Complaint that are deemed to be allegations of fact.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS REGARDING JURISDICTION AND VENUE

13.     In response to the allegations of Paragraph 13 of the Second Amended Complaint, Defendants state that they do not challenge the exercise of diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332(a).

14.     In response to the allegations of Paragraph 14 of the Second Amended Complaint, Defendants state they do not challenge the Southern District of New York as the proper venue for this action.

15.     Defendants admit that Sean Woods, Jann Wenner, and Natalie Krodel reside in New York, that Mr. Woods is an assistant managing editor at Rolling Stone and was an editor of the Article, that Mr. Wenner is the publisher of Rolling Stone, and that Ms. Krodel is in-house counsel for Wenner Media.  Defendants also admit that Coco McPherson was the head of the fact-checking department at Rolling Stone and that Will Dana was the managing editor of Rolling Stone, but state that Ms. McPherson and Mr. Dana are no longer employees of Rolling Stone.  Defendants deny that Mr. Dana, Ms. McPherson, Ms. Krodel, or Mr. Wenner materially contributed to the Article.  Defendants also deny that Erdely worked directly with Mr. Dana, Ms. McPherson, Ms. Krodel, or Mr. Wenner in preparing or publishing the Article.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Second Amended Complaint regarding the residences of Mr. Dana and Ms. McPherson and therefore deny such allegations.  To the extent any of the remaining allegations in Paragraph 15 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent any of the remaining allegations in Paragraph 15 of the Second Amended Complaint are deemed to allegations of fact, they are admitted.

16.     Defendants admit that Rolling Stone LLC is a Delaware limited liability company with its principal place of business in New York, but state Rolling Stone LLC has three members: Wenner Media LLC, WM Holdings LLC, and BandLab USA, Inc.

17.     Defendants admit the allegations in Paragraph 17 of the Second Amended Complaint.

18.     Defendants admit the allegations in Paragraph 18 of the Second Amended Complaint.

19.     To the extent the allegations in Paragraph 19 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 19 are deemed to be allegations of fact, Defendants admit that Straight Arrow Publishers Inc. is a corporation incorporated in Delaware with its principal place of business in New York.

20.     To the extent the allegations in Paragraph 20 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 20 of the Second Amended Complaint are deemed to be allegations of fact, they are admitted.

21.     To the extent the allegations in Paragraph 21 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 21 of the Second Amended Complaint are deemed to be allegations of fact, they are admitted.

22.     To the extent the allegations in Paragraph 22 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent

the allegations in Paragraph 22 of the Second Amended Complaint are deemed to be allegations of fact, they are admitted.

23.     To the extent the allegations in Paragraph 23 of the Second Amended Complaint, including subparts (a)-(n), are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 23 of the Second Amended Complaint, including subparts (a)-(n), are deemed to be allegations of fact, they are admitted.

24.     To the extent the allegations in Paragraph 24 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 24 of the Second Amended Complaint are deemed to be allegations of fact, they are admitted.

25.     To the extent the allegations in Paragraph 25 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 25 of the Second Amended Complaint are deemed to be allegations of fact, they are admitted.

26.     To the extent the allegations in Paragraph 26 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 26 of the Second Amended Complaint are deemed to be allegations of fact, they are admitted.

27.     To the extent the allegations in Paragraph 27 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 27 of the Second Amended Complaint are deemed to be allegations of fact, they are admitted.

28.     The allegations in Paragraph 28 of the Second Amended Complaint constitute conclusions of law to which no response is required.

29.     The allegations in Paragraph 29 of the Second Amended Complaint constitute conclusions of law to which no response is required.

30.     To the extent the allegations in Paragraph 30 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 30 of the Second Amended Complaint are deemed to be allegations of fact, they are admitted.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Second Amended Complaint and therefore deny such allegations.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Second Amended Complaint and therefore deny such allegations.

## **RESPONSE TO PLAINTIFFS' ALLEGATIONS REGARDING THE FACTS**

33.     Defendants admit that the Article was published by Rolling Stone on Rolling Stone's website on November 19, 2014, and in Issue 1223 of *Rolling Stone* magazine, with the cover date of December 4, 2014, which was available for sale in stores on November 19, 2014. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Second Amended Complaint and therefore deny such allegations.

34.     In response to the allegations in Paragraph 34 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and

respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants admit that the Article opens with a recollection of a UVA student named "Jackie" being sexually assaulted at the Phi Kappa Psi fraternity house, where "Jackie" recalled attending a date function with an individual identified as "Drew" in the Article.  Defendants deny that Jackie's allegations are the sole focus on the Article, which referenced multiple allegations of sexual assault at UVA occurring over decades and looked more broadly at the way that UVA – and other universities – respond to such troubling allegations of sexual assault.  Defendants deny that Jackie ever referred to an individual named "Haven Monahan" during the reporting of the Article and further deny that Defendants had ever heard the name "Haven Monahan" prior to the Article's publication.  Defendants otherwise deny the factual allegations of Paragraph 34.

35.     In response to the allegations in Paragraph 35 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants deny that the allegations set forth in Paragraph 35 of the Amendment Complaint were information "[a]ccording to Erdely."  Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible. Defendants otherwise deny the factual allegations of Paragraph 35.

4845-3619-5156v.1 3770077-000052

36.     In response to the allegations in Paragraph 36 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants deny that the Article alleges that the sexual assault of "Jackie" was "one of Phi Kappa Psi's initiation rituals."  Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible. Defendants otherwise deny the factual allegations of Paragraph 36.

37.     In response to the allegations in Paragraph 37 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible.  Defendants otherwise deny the factual allegations of Paragraph 37.

4845-3619-5156v.1 3770077-000052

38.     In response to the allegations in Paragraph 38 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible.  Defendants admit, upon information and belief, that the real names of "Randall," "Andy" and "Cindy" are Ryan, Alex, and Kathryn, respectively. Defendants otherwise deny the factual allegations of Paragraph 38.

39.     In response to the allegations in Paragraph 39 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible.  Defendants otherwise deny the factual allegations of Paragraph 39.

4845-3619-5156v.1 3770077-000052

40.      In response to the allegations in Paragraph 40 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible.  Defendants otherwise deny the factual allegations of Paragraph 40.

41.      In response to the allegations in Paragraph 41 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants admit that the Article references that two other women were allegedly victims of gang rape at Phi Kappa Psi.  Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible.  Defendants otherwise deny the factual allegations of Paragraph 41.

4845-3619-5156v.1 3770077-000052

42.     In response to the allegations in Paragraph 42 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants admit that the Article described the Phi Kappa Psi house as the location where Jackie alleged she was sexually assaulted.  Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible. Defendants also admit that the Article states that Phi Kappa Psi is an "upper tier" fraternity at UVA, with a "reputation of tremendous wealth," but deny that Erdely made those statements in the Article without any evidence.  Defendants otherwise deny the factual allegations of Paragraph 42.

43.     In response to the allegations in Paragraph 43 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants admit that the Article reported Jackie's allegations, which were believed by Defendants and, upon information, various UVA administrators and law enforcement officials at the time, that "Drew" was a junior at UVA and a member of Phi Kappa Psi, and that Jackie was led "up a staircase" at the Phi Kappa Psi house, and brought "into a bedroom," where Jackie was sexually assaulted.  Defendants deny that the Article states that all of the men who sexually

assaulted Jackie were Phi Kappa Psi brothers or rushees.  To the extent the remainder of the allegations in Paragraph 43 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the remainder of the allegations in Paragraph 43 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny those allegations.

44.      In response to the allegations in Paragraph 44 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof. Defendants admit that the Article states that Jackie was told in the fall of 2014 that "all the boys involved have graduated."  Defendants deny that the Article "indicat[es] that the alleged attackers were part of the class of 2013 and/or 2014" based on Dean Eramo's statement to Jackie that "all the boys involved have graduated," since the Article clearly states that Jackie doubted the accuracy of that conclusion.  Defendants otherwise deny the factual allegations of Paragraph 44.

45.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Second Amended Complaint and therefore deny such allegations.

46.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Second Amended Complaint and therefore deny such allegations.

47.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Second Amended Complaint and therefore deny such allegations.

48.     Defendants deny the allegations in Paragraph 48 of the Second Amended Complaint.

49.     Defendants admit that the cited selections set forth in the allegations in Paragraph 49 of the Second Amended Complaint appear in the Article.  Defendants state that the Article speaks for itself and respectfully refer the Court to the full Article for a true and correct recitation of the contents thereof.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Second Amended Complaint and therefore deny such allegations.  Responding further, Defendants state that the allegations in Paragraph 50 of the Second Amended allege facts that, even if true, could not possibly be known by the general public.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Second Amended Complaint and therefore deny such allegations.  Responding further, Defendants state that the allegations in Paragraph 51 of the Second Amended allege facts that, even if true, could not possibly be known by the general public.

52.     Defendants deny the allegations in Paragraph 52 of the Second Amended Complaint.

53.     In response to those allegations in Paragraph 53 of the Second Amended Complaint that purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants admit that the Article indicates that Jackie recalled there being ten people present during her sexual assault.  Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Second Amended Complaint and therefore deny such allegations, which, even if true, could not possibly be known by the general public.

54.     The allegations in Paragraph 54 of the Second Amended Complaint are not allegations of fact, but statements of mere conjecture and speculation, and Defendants therefore are not required to plead thereto.  To the extent the allegations in Paragraph 54 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 54 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Second Amended Complaint and therefore deny such allegations.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Second Amended Complaint and therefore deny such allegations.

57.     Defendants admit that the cited selections set forth in the allegations in Paragraph 57 of the Second Amended Complaint appear in the Article.  Defendants state that the Article speaks for itself and respectfully refer the Court to the full Article for a true and correct recitation of the contents thereof.

58.     In response to the allegations in Paragraph 58 of the Second Amended Complaint, which purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.

4845-3619-5156v.1 3770077-000052

59.     Defendants are without knowledge or information sufficient to form a belief as to the true of the allegations in Paragraph 59 of the Second Amended Complaint and therefore deny such allegations.  Responding further, Defendants state that they struggle to believe, and find ludicrous, the implication of the allegations in Paragraph 59 of the Second Amended Complaint that Hadford was the only Phi Kappa Psi member and/or alumni who owned and rode a bike in Charlottesville, or that any person who knew Hadford or any member of the general public knew this information.  Responding further, Defendants state that the U.S. Court of Appeals for the Second Circuit has ruled that Hadford has not pled sufficient facts to render it plausible that the Article was "of and concerning" him individually because, for example, "there is no allegation that it is unusual for UVA alumni to bike through campus such that a reasonable reader familiar with Hadford's biking habits would conclude that the Article plausibly referred to him."

60.     The allegations in Paragraph 60 of the Second Amended Complaint are not allegations of fact, but statements of mere conjecture and speculation, and Defendants therefore are not required to plead thereto.  Responding further, Defendants state that the allegations in Paragraph 60 are an admission by Hadford that he has not identified any friends, family or acquaintances who made the connection that Hadford must have been the person who Jackie claimed she saw riding his bike on campus.  To the extent the allegations in Paragraph 60 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them. Responding further, Defendants state that the U.S. Court of Appeals for the Second Circuit has ruled that Hadford has not pled sufficient facts to render it plausible that the Article was "of and concerning" him individually because, for example, "there is no allegation that it is unusual for UVA alumni to bike through campus such that a reasonable reader familiar with Hadford's biking habits would conclude that the Article plausibly referred to him."

4845-3619-5156v.1 3770077-000052

61.     Defendants deny that members of the general public knew that Fowler was the rush chair for Phi Kappa Psi in the 2010-2011 academic year, or that he was active in the rush process for the 2011-2012 academic year.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Second Amended Complaint and therefore deny such allegations.

62.     Defendants deny that they made "the rape seem like an initiation ritual." Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.  Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations and similarly believed them to be credible.  To the extent the remaining allegations in Paragraph 62 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the remaining allegations in Paragraph 62 of the Second Amended Complaint are deemed to be allegations of fact, they are denied.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 63 of the Second Amended Complaint concerning whether Fowler was an avid swimmer during his time at UVA, or whether, depending on the semester, Fowler regularly swam at the University's aquatic center several times per week, once per week, or every other week, which could not have been information known to the general public, and therefore deny such allegations.  Defendants further state that the allegation in Paragraph 63 of the Second Amended Complaint about what "readers would reasonably

conclude" is not an allegation of fact, but a statement of mere conjecture and speculation, and Defendants therefore are not required to plead thereto.  To the extent the remaining allegations in Paragraph 63 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the remaining allegations in Paragraph 63 of the Second Amended Complaint are deemed to be allegations of fact, they are denied.

64.     Defendants deny that the Article "set forth" that 2013 and 2014 were "the likely graduation years of all but one of the rapists."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Second Amended Complaint, which would not have been known to the general public or anyone else who was not a member or advisor of Phi Kappa Psi or an administrator at UVA, and therefore deny such allegations.

65.     Defendants deny the allegations in Paragraph 65 of the Second Amended Complaint.  Responding further, Defendants state that the Article reported information sourced from Jackie and confirmed with others, including UVA, concerning allegations of sexual assault at Phi Kappa Psi and/or by Phi Kappa Psi members or pledges, which Defendants believed was credible at the time the Article was published.

66.     Defendants admit that Erdely was interviewed for a podcast published by Slate on November 27, 2014.  To the extent the allegations of Paragraph 66 of the Second Amended Complaint purport to characterize the Erdely's podcast interview with Slate, Defendants state that the interview speaks for itself and respectfully refer the Court to the full interview. Defendants admit that the passage attributed to Erdely set forth in the allegations of Paragraph 66 appears in the Slate podcast.  Responding further, Defendants state that the Court has ruled

that Erdely's comments in the podcast interview were non-actionable opinion, and the United

States Court of Appeals for the Second Circuit affirmed the Court's ruling.

      67.     To the extent the allegations of Paragraph 67 of the Second Amended Complaint

purport to characterize the Erdely's podcast interview with Slate, Defendants state that the

interview speaks for itself and respectfully refer the Court to the full interview.  Defendants

admit that the passage attributed to Erdely set forth in the allegations of Paragraph 67 appears in

the Slate podcast.  Responding further, Defendants state that the Court has ruled that Erdely's

comments in the podcast interview were non-actionable opinion, and the United States Court of

Appeals for the Second Circuit affirmed the Court's ruling.

      68.     Defendants deny Plaintiffs were identified by name or hometown in the Article,

on any website, or in any other publication by Defendants.  Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68

of the Second Amended Complaint and therefore deny such allegations.

      69.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 69 of the Second Amended Complaint and therefore

deny such allegations.

      70.     Defendants deny that, upon release of the Article, "Plaintiffs were easily identified

and established as the alleged rapists."  Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of the

Second Amended Complaint and therefore deny such allegations.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 of the Second Amended Complaint and therefore deny such allegations.

72.     Defendants admit that certain reporters at The Washington Post inquired into certain aspects of the Article and, on December 5, 2014, the Washington Post published an article titled, "Key elements of Rolling Stone's U-Va. Gang Rape allegations in doubt."  To the extent the allegations of Paragraph 72 purport to characterize the article published in The Washington Post on December 5, 2014, Defendants state that the article speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 72 of the Second Amended Complaint and therefore deny such allegations.

73.     To the extent the allegations in Paragraph 73 of the Second Amended Complaint selectively quote from or purport to characterize the statement of Rolling Stone's managing editor, Will Dana, published on *Rolling Stone's* website on December 5, 2014, Defendants state that the statement speaks for itself and respectfully refer the Court to the full statement. Defendants admit that the quoted selection set forth in the allegations in Paragraph 73 appears in the statement from Dana published on *Rolling Stone's* website on December 5, 2014. Responding further, Defendants state, upon information and belief, that as a result of a months-long internal investigation, Phi Kappa Psi members and alumni were aware of the new information Dana referred to in his December 5, 2014, statement before and/or immediately upon publication of the Article but, despite Erdely's attempts to speak with Phi Kappa Psi members prior to publication of the Article, the Phi Kappa Psi members and alumni withheld that information from Defendants, UVA, and the general public.

26

74.     To the extent the allegations in Paragraph 74 of the Second Amended Complaint purport to characterize any tweets from Dana, Defendants state that Dana's tweets speak for themselves.  Defendants otherwise admit the allegations in Paragraph 74 of the Second Amended Complaint, including that the quoted selections set forth in the allegations in Paragraph 74 appeared in tweets Dana has published.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Second Amended Complaint and therefore deny such allegations.  To the extent the allegations of Paragraph 75 purport to characterize the article published in The Washington Post on December 5, 2014, Defendants state that the article speaks for itself.

76.     Upon information and belief, Defendants admit that Phi Kappa Psi conducted an internal investigation into Jackie's allegations of sexual assault after being advised of those allegations by UVA in or around September 2014.  Defendants also state, upon information and belief, that as part of their internal investigation, members of Phi Kappa Psi corresponded with each other, contacted alumni members, and reviewed internal emails and materials that were not publicly available or otherwise available to UVA, the Charlottesville Police Department, Erdely, Rolling Stone and its editors, or anyone else outside of Phi Kappa Psi.  In addition, upon information and belief, Defendants state that during the course of its internal investigation, Phi Kappa Psi identified material factual inconsistencies in Jackie's account that led Phi Kappa Psi to believe by no later than November 6, 2014, that the article Erdely and Rolling Stone were writing and seeking to confirm information for from Phi Kappa Psi would contain unsubstantiated claims, yet chose not to share that information with Erdely or Rolling Stone.  To the extent the allegations of Paragraph 76 purport to characterize the article published in The

Washington Post on December 5, 2014, Defendants state that the article speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 76 of the Second Amended Complaint and therefore deny such allegations.

77.     Defendants deny that Phi Kappa Psi does not participate in rush and does not have pledges in the fall semester.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 of the Second Amended Complaint and therefore deny such allegations.  To the extent the allegations of Paragraph 77 purport to characterize the article published in The Washington Post on December 5, 2014, Defendants state that the article speaks for itself.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Second Amended Complaint and therefore deny such allegations.  Defendants state, upon information and belief, that like Defendants, multiple administrators at UVA, and law enforcement officials who had interviewed and/or spoken directly with Jackie, at the time the Article was published, Ms. Pinkleton believed Jackie's allegations to be credible.  To the extent the allegations of Paragraph 78 purport to characterize the article published in The Washington Post on December 5, 2014, Defendants state that the article speaks for itself.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Second Amended Complaint and therefore deny such allegations.  Defendants state, upon information and belief, that like Defendants, multiple administrators at UVA, and law enforcement officials who had interviewed and/or spoken directly with Jackie, at the time the Article was published, Ms. Renda believed Jackie's

allegations to be credible.  To the extent the allegations of Paragraph 79 purport to characterize

the article published in The Washington Post on December 5, 2014, Defendants state that the

article speaks for itself.

80.     To the extent the allegations of Paragraph 80 purport to characterize the article

published in The Washington Post on December 5, 2014, Defendants state that the article speaks

for itself.  Defendants admit that UVA temporarily suspended all of its fraternities after Jackie's

account of sexual assault was published in the Article.  Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80

of the Second Amended Complaint and therefore deny such allegations.

81.     Defendants admit, upon information and belief, that the Charlottesville Police

Department initiated an investigation related to Jackie's allegations, and issued a press release on

March 23, 2015.  To the extent the allegations of Paragraph 81 purport to characterize the

Charlottesville Police Department Press Release, Defendants state that the document speaks for

itself and respectfully refer the Court to the full press release, available at

http://www.charlottesville.org/Home/Components/News/News/2711/635?arch=1&npage=12.

Defendants further state that the Charlottesville Police Department concluded:

> The department's investigation cannot rule out that something may have
> happened to 'Jackie' somewhere and at some time on the evening of September
> 28, 2012.  Yet, without additional evidence we are simply unable to reach a
> definitive conclusion.  The investigation remains open, yet suspended in the event
> additional evidence should come to light.

Defendants further state that, as the Charlottesville Police Department noted in its press release,

the police did not interview Jackie in the course of their investigation.  Responding further,

Defendants state, upon information and belief, that the Charlottesville Police Department's

investigation was not based upon a full disclosure of factual information known and available to

Phi Kappa Psi.

29

82.     To the extent the allegations in Paragraph 82 of the Second Amended Complaint selectively quote from or purport to characterize the statement Rolling Stone's managing editor, Will Dana, published on Rolling Stone's website on April 5, 2015, Defendants state that the statement speaks for itself and respectfully refer the Court to the full statement.  Defendants admit that the portions of the allegations of Paragraph 82 contained within quotation marks appear in the statement from Dana published on Rolling Stone's website on April 5, 2015.  Defendants further state that the Article was effectively retracted by the Note to Readers published on December 5, 2014.

83.     Defendants admit that Rolling Stone commissioned an independent review and report by the Columbia School of Journalism, at its own expense, to evaluate the editorial process that led to the publication of the Article.  Defendants also admit that Rolling Stone published the resulting report, titled, "Rolling Stone and UVA: The Columbia University Graduate School of Journalism Report; An anatomy of a journalistic failure" (the "CJR Report") on its website on April 5, 2015.  To the extent the allegations of Paragraph 83 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Second Amended Complaint concerning Plaintiffs' beliefs about whether the CJR Report is a "true and trustworthy source of information," and therefore deny such allegations.  Responding further, Defendants state, upon information and belief, that the CJR Report was flawed because it was not based upon a full disclosure of factual information known and available to Phi Kappa Psi.

4845-3619-5156v.1 3770077-000052

84.     To the extent the allegations of Paragraph 84 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants admit that the portions of the allegations of Paragraph 84 contained within quotation marks appear in the CJR Report.  Responding further, Defendants state, upon information and belief, that the CJR Report was flawed because it was not based upon a full disclosure of factual information known and available to Phi Kappa Psi.

85.     Defendants deny that "Erdely had doubts about Jackie's credibility from the start."  Further, to the extent the allegations of Paragraph 84 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants admit that the portions of the allegations of Paragraph 85 contained within quotation marks appear in the CJR Report.  Responding further, Defendants state, upon information and belief, that the CJR Report was flawed because it was not based upon a full disclosure of factual information known and available to Phi Kappa Psi.

86.     To the extent the allegations of Paragraph 86 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants admit that the portions of the allegations of Paragraph 86 contained within quotation marks appear in the CJR Report.  Defendants deny that

they published the Article "without … verifying [the lifeguard's] existence" and state that they fully believed Jackie's allegations about her sexual assault and interactions with "Drew" at the time the Article was published.  Responding further, Defendants state, upon information and belief, that the CJR Report was flawed because it was not based upon a full disclosure of factual information known and available to Phi Kappa Psi.

87.     To the extent the allegations of Paragraph 87 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants admit that the passage set forth in the allegations of Paragraph 87 appears in the CJR Report.  Responding further, Defendants state, upon information and belief, that the CJR Report was flawed because it was not based upon a full disclosure of factual information known and available to Phi Kappa Psi.

88.     To the extent the allegations of Paragraph 88 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants admit that the passage set forth in the allegations of Paragraph 88 appears in the CJR Report.  To the extent the allegations of Paragraph 88 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. Responding further, Defendants state, upon information and belief, that over a course of months prior to publication of the Article multiple administrators at UVA and law enforcement officials had interviewed and/or spoken directly with Jackie about these allegations

and believed them to be credible.  Defendants otherwise deny the allegations of Paragraph 88 of the Second Amended Complaint.

89.     To the extent the allegations of Paragraph 89 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants deny the allegation in Paragraph 89 of the Second Amended Complaint that Erdely did not attempt to reach any of the eight participants in the alleged sexual assault of Jackie.  Defendants admit that Erdely contacted Stephen Scipione who at the time, upon information and belief, was the UVA chapter president of Phi Kappa Psi. Defendants deny that Erdely's communication with Mr. Scipione consisted only of an email in which she wrote, "I've become aware of allegations of gang rape that have been made against the UVA chapter of Phi Kappa Psi.  Can you comment on those allegations?"  Responding further, Defendants state as follows: Erdely made multiple requests to speak with Mr. Scipione, for and on behalf of the membership of Phi Kappa Psi's chapter at UVA, including Plaintiffs, but those requests were denied.  On October 9, 2014, Erdely emailed Mr. Scipione, and informed him she was doing an article about sexual assault at UVA and would like to speak with him about rape allegations at Phi Kappa Psi.  Five days later, on October 14, 2014, Mr. Scipione responded to Erdely's email as, for, and on behalf of the membership of Phi Kappa Psi's chapter at UVA, including Plaintiffs.  Mr. Scipione informed Erdely that he was "unfortunately swamped in the upcoming weeks with midterms, papers, and other school related commitments."  Mr. Scipione's response stated that if Erdely could email him "any questions that you have, I would be more than happy to answer them as soon as I can."

Erdely persisted in her efforts to speak with Mr. Scipione.  She responded to his October 14, 2014, email within minutes after Mr. Scipione sent it, and wrote, in part: "I understand that you have a lot on your plate, but really, you can't find a few minutes to speak with me by phone? I am available right now, if you'd like to call."  Erdely also provided Mr. Scipione with "a few questions" in the event that he could not find a few minutes to speak with her on the phone. The next day, on October 15, 2014, Mr. Scipione responded to Erdely's October 14, 2014, email as, for, and on behalf of the membership of Phi Kappa Psi's chapter at UVA, including Plaintiffs. Upon information and belief, Mr. Scipione's response was misleading with respect to what Phi Kappa Psi knew at the time about Jackie's allegations.

Responding further, Defendants admit that Erdely did not provide other specific details of Jackie's allegations to Mr. Scipione in her email correspondence to him, but state that she did not include those details because she had reason to believe from UVA and Phi Kappa Psi's national executive director at the time, Shawn Collinsworth, that Phi Kappa Psi and Mr. Scipione had already been provided detailed accounts of Jackie's allegations and had initiated an internal investigation into those allegations.  Upon information and belief, for over two months prior to publication of the Article, Phi Kappa Psi and Phi Kappa Psi's chapter at UVA were being regularly advised by UVA personnel as to the specific allegations of sexual assault made by Jackie that would be reported in the Article.  Responding further, Defendants incorporate by reference their General Denial as if set forth fully herein, and state, upon information and belief, that the CJR Report was flawed because it was not based upon a full disclosure of factual information known and available to Phi Kappa Psi.

90.     To the extent the allegations of Paragraph 90 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and

34

respectfully refer the Court to the full CJR Report, available at

http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct

recitation of the content thereof.  To the extent the allegations of Paragraph 90 of the Second

Amended Complaint are deemed to be allegations of law, Defendants are not required to plead

thereto.  Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 90 concerning what Mr. Scipione told the Columbia

Journalism Review, however, Defendants deny, upon information and belief, that there were no

"dates or details" available to Mr. Scipione and/or Phi Kappa Psi at the time Erdely contacted

Mr. Scipione.  Responding further, Defendants incorporate by reference their General Denial as

if set forth fully herein and state, upon information and belief, that the CJR Report was flawed

because it was not based upon a full disclosure of factual information known and available to Phi

Kappa Psi.

      91.    To the extent the allegations of Paragraph 91 of the Second Amended Complaint

purport to characterize the CJR Report, Defendants state that the document speaks for itself and

respectfully refer the Court to the full CJR Report, available at

http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct

recitation of the content thereof.  Defendants admit that the day after receiving Mr. Scipione's

misleading October 14, 2014, email, on October 15, 2014, Erdely left a voicemail with Shawn

Collinsworth, the national executive director of Phi Kappa Psi.  Defendants deny that Erdely

"failed to tell Collinsworth 'the details of the attack that ultimately appeared in *Rolling Stone.*'"

Responding further, Defendants state as follows. In her October 14, 2014, voicemail, Erdely

explained that she was writing an article about sexual assault at UVA, and was hoping to speak

with Mr. Collinsworth about sexual assault allegations at Phi Kappa Psi's chapter at UVA.

35

Having received no response from Mr. Collinsworth, Erdely called him again on October 20, 2014, and left another voicemail.  Erdely and Mr. Collinsworth spoke on the telephone later that day.  During their conversation, Erdely told Mr. Collinsworth that she was doing an article about sexual assault at UVA, and wanted to ask Mr. Collinsworth about sexual assault allegations at the Phi Kappa Psi chapter at UVA.  Erdely made it clear to Mr. Collinsworth that "these are pretty harsh allegations" of gang rape at the Phi Kappa Psi chapter house.  During the call, Mr. Collinsworth confirmed that UVA had made Phi Kappa Psi aware of the sexual assault allegations on September 15, 2014, and he told Erdely that Phi Kappa Psi national had immediately launched an investigation by sending a member of Phi Kappa Psi national's staff to the Phi Kappa Psi chapter at UVA.

Erdely clarified for Mr. Collinsworth that the allegations that had been presented to her were three allegations of gang rape during Phi Kappa Psi parties that allegedly took place in October 2008, September 2012, and February 2013, and she asked if he could comment on the allegations.  Although Mr. Collinsworth told Erdely that Phi Kappa Psi had been unable to substantiate the allegations because they were anonymous, he did not indicate that he had knowledge of any specific material facts inconsistent with the allegations Erdely described to him.  Responding further, Defendants state, upon information and belief, that the CJR Report was flawed because it was not based upon a full disclosure of factual information known and available to Phi Kappa Psi.

92.     To the extent the allegations of Paragraph 92 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct

4845-3619-5156v.1 3770077-000052

recitation of the content thereof.  Defendants deny that Mr. Scipione and Mr. Collinsworth were

not already aware of the details of Jackie's allegations when Erdely contacted them.  Defendants

state, upon information and belief, that Phi Kappa Psi, and the members and alumni of Phi

Kappa Psi's chapter at UVA were already conducting internal investigations into Jackie's

allegations when Mr. Scipione and Mr. Collinsworth were contacted by Erdely.  Defendants

incorporate by reference their General Denial and their responses to paragraphs 89-91 as if set

forth fully herein.

Responding further, Defendants state, upon information and belief, that the CJR Report

was flawed because it was not based upon a full disclosure of factual information known and

available to Phi Kappa Psi.

93.     To the extent the allegations of Paragraph 93 of the Second Amended Complaint

purport to characterize the CJR Report, Defendants state that the document speaks for itself and

respectfully refer the Court to the full CJR Report, available at

http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct

recitation of the content thereof.  Defendants otherwise deny the allegations in Paragraph 93 of

the Second Amended Complaint.

94.     To the extent the allegations of Paragraph 94 of the Second Amended Complaint

purport to characterize the CJR Report, Defendants state that the document speaks for itself and

respectfully refer the Court to the full CJR Report, available at

http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct

recitation of the content thereof.  Defendants admit that Erdely pressed Jackie to put her in touch

with Ryan, and state that Jackie ultimately told Erdely that she spoke with Ryan and he refused

to participate in an interview.  Defendants otherwise deny the allegations in Paragraph 94 of the Second Amended Complaint.

95.     To the extent the allegations of Paragraph 95 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants admit that Erdely pressed Jackie to put her in touch with Ryan, and state that Jackie ultimately told Erdely that she spoke with Ryan and he refused to participate in an interview.  Defendants otherwise deny the allegations in Paragraph 95 of the Second Amended Complaint.

96.     To the extent the allegations of Paragraph 96 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants admit, upon information and belief, that the CJR Report contacted Ryan Duffin.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 concerning what Mr. Duffin told the CJR Report, and therefore deny such allegations.  Defendants otherwise deny the remaining allegations in Paragraph 96 of the Second Amended Complaint.

97.     To the extent the allegations of Paragraph 97 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct

recitation of the content thereof.  Defendants admit that if Erdely had learned anything prior to the publication of the Article that caused her to doubt Jackie's credibility, she would not have used her story in the Article, but state that Erdely had no such doubts or knowledge prior to the publication of the Article and instead believed the truth of Jackie's allegations.

98.     To the extent the allegations of Paragraph 98 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants admit, upon information and belief, that the CJR Report contacted Kathryn Hendley and Alex Stock.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 concerning what Ms. Hendley or Ms. Stock told the CJR Report, and therefore deny such allegations.  Defendants otherwise deny the remaining allegations in Paragraph 98 of the Second Amended Complaint.

99.     To the extent the allegations of Paragraph 99 of the Second Amended Complaint purport to characterize the CJR Report, Defendants state that the document speaks for itself and respectfully refer the Court to the full CJR Report, available at http://www.cjr.orgr/investigation/rolling_stone_investigation.php, for a true and correct recitation of the content thereof.  Defendants otherwise deny the allegations in Paragraph 99 of the Second Amended Complaint.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS REGARDING ALLEGED HARM

### *Plaintiff George Elias, IV*

100.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Second Amended Complaint and therefore deny such allegations.

101.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Second Amended Complaint and therefore deny such allegations.

102.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Second Amended Complaint and therefore deny such allegations.

103.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Second Amended Complaint and therefore deny such allegations.

104.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Second Amended Complaint and therefore deny such allegations.

105.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Second Amended Complaint and therefore deny such allegations.

106.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Second Amended Complaint and therefore deny such allegations.

107.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Second Amended Complaint and therefore deny such allegations.

108.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Second Amended Complaint and therefore deny such allegations.

109.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Second Amended Complaint and therefore deny such allegations.

110.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Second Amended Complaint and therefore deny such allegations.

111.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Second Amended Complaint and therefore deny such allegations.

112.     Defendants deny that Plaintiff Elias has suffered irreparable harm to his reputation.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112 of the Second Amended Complaint and therefore deny such allegations.

113.     Defendants deny the allegations in Paragraph 113 of the Second Amended Complaint.

*Plaintiff Stephen Hadford*

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Second Amended Complaint and therefore deny such allegations.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Second Amended Complaint and therefore deny such allegations.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Second Amended Complaint and therefore deny such allegations.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Second Amended Complaint and therefore deny such allegations.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Second Amended Complaint and therefore deny such allegations.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Second Amended Complaint and therefore deny such allegations.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Second Amended Complaint and therefore deny such allegations.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Second Amended Complaint and therefore

deny such allegations.

122.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Second Amended Complaint and therefore deny such allegations.

123.     Defendants deny that Plaintiff Hadford has suffered irreparable harm to his reputation.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123 of the Second Amended Complaint and therefore deny such allegations.

124.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Second Amended Complaint and therefore deny such allegations.

125.     Defendants deny the allegations in Paragraph 125 of the Second Amended Complaint.

*Plaintiff Ross Fowler*

126.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Second Amended Complaint and therefore deny such allegations.

127.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Second Amended Complaint and therefore deny such allegations.

128.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Second Amended Complaint and therefore deny such allegations.

4845-3619-5156v.1 3770077-000052

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Second Amended Complaint and therefore deny such allegations.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Second Amended Complaint and therefore deny such allegations.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Second Amended Complaint and therefore deny such allegations.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Second Amended Complaint and therefore deny such allegations.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Second Amended Complaint and therefore deny such allegations.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Second Amended Complaint and therefore deny such allegations.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Second Amended Complaint and therefore deny such allegations.

4845-3619-5156v.1 3770077-000052

136.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Second Amended Complaint and therefore deny such allegations.

137.     Defendants deny that Plaintiff Fowler has suffered irreparable harm to his reputation.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 of the Second Amended Complaint and therefore deny such allegations.

138.     Defendants deny the allegations in Paragraph 138 of the Second Amended Complaint.

139.     To the extent the allegations of Paragraph 139 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 139 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny the allegations in Paragraph 139 of the Second Amended Complaint.

**<u>RESPONSE TO COUNT ONE OF THE SECOND AMENDED COMPLAINT</u>**

140.     Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.

141.     Defendants admit that the Article was published by Rolling Stone on Rolling Stone's website on November 19, 2014, and in Issue 1223 of *Rolling Stone* magazine, with the cover date of December 4, 2014, which was available for sale in stores on November 19, 2014.

142.     To the extent the allegations of Paragraph 142 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 142 of the Second Amended Complaint purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the

Article for a true and correct recitation of the contents thereof.  Defendants deny that any of the statements set forth in Paragraph 142 of the Second Amended Complaint concern Plaintiffs or are defamatory as to Plaintiffs.

143.    Defendants deny the allegations in Paragraph 143 of the Second Amended Complaint.  Responding further, Defendants state that the Court has ruled that Plaintiff Hadford did not plausibly allege that the statements in the Article were of and concerning him as an individual apart from his membership in Phi Kappa Psi and has dismissed Plaintiff Hadford's individual claims.  The United States Court of Appeals for the Second Circuit affirmed the Court's ruling dismissing Plaintiff Hadford's individual claims.

144.    Defendants deny that Phi Kappa Psi does not participate in rush in the fall semester and does not have pledges in the fall semester.  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 144 of the Second Amended Complaint, and therefore deny such allegations.  While Defendants – as well as, upon information and belief, multiple UVA administrators and law enforcement officers who interviewed and/or spoken directly with Jackie about her allegations – believed Jackie's allegations were credible when Rolling Stone published the Article, Defendants now lack knowledge or information sufficient to form a belief as to what in fact befell Jackie on the night of September 28, 2012.

145.    Defendants deny that they caused harm to Plaintiffs' reputations or caused Plaintiff's mental anguish.  Responding further, Defendants state that the Court has ruled that Plaintiff Hadford did not plausibly allege that the statements in the Article were of and concerning him as an individual apart from his membership in Phi Kappa Psi and has dismissed

Plaintiff Hadford's individual claims.  The United States Court of Appeals for the Second Circuit affirmed the Court's ruling dismissing Plaintiff Hadford's individual claims.

146.    To the extent the allegations of Paragraph 146 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 146 of the Second Amended Complaint are deemed to be allegations of law, Defendants deny them.

147.    Defendants deny the allegations in Paragraph 147 of the Second Amended Complaint.  Responding further, Defendants state that Jackie was not the "sole source of information" reported in the Article.

148.    To the extent the allegations of Paragraph 148 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 148 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

149.    To the extent the allegations of Paragraph 149 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 149 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

150.    To the extent the allegations of Paragraph 150 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 150 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

151.    To the extent the allegations of Paragraph 151 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent

the allegations of Paragraph 151 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

152.     To the extent the allegations of Paragraph 152 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 152 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

153.     Defendants deny that Erdely was an employee of Rolling Stone and state that Erdely was an independent contractor of Rolling Stone.  To the extent the remaining allegations of Paragraph 153 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 152 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

154.     Defendants deny the allegations in Paragraph 154 of the Second Amended Complaint.  Responding further, Defendants state that the Court has ruled that Plaintiff Hadford did not plausibly allege that the statements in the Article were of and concerning him as an individual apart from his membership in Phi Kappa Psi and has dismissed Plaintiff Hadford's individual claims.  The United States Court of Appeals for the Second Circuit affirmed the Court's ruling dismissing Plaintiff Hadford's individual claims.

155.     To the extent the allegations of Paragraph 155 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 155 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

156.     To the extent the allegations of Paragraph 156 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent

4845-3619-5156v.1 3770077-000052

the allegations of Paragraph 156 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

With respect to the Wherefore clause in Plaintiffs' Count I, Defendants deny that Plaintiffs are entitled to any relief, including interest, costs, attorney's fees, punitive damages, or any other form of relief.

## RESPONSE TO COUNT TWO OF THE SECOND AMENDED COMPLAINT

157.    Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.

158.    Defendants admit that the Article was published by Rolling Stone on Rolling Stone's website on November 19, 2014, and in Issue 1223 of *Rolling Stone* magazine, with the cover date of December 4, 2014, which was available for sale in stores on November 19, 2014.

159.    To the extent the allegations of Paragraph 159 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations in Paragraph 159 of the Second Amended Complaint purport to characterize the Article, Defendants state that the Article speaks for itself and respectfully refer the Court to the Article for a true and correct recitation of the contents thereof.  Defendants deny that any of the statements set forth in Paragraph 159 of the Second Amended Complaint concern Plaintiffs or are defamatory as to Plaintiffs.

160.    Defendants deny the allegations in Paragraph 160 of the Second Amended Complaint.  Responding further, Defendants state that the Court has ruled that Plaintiff Hadford did not plausibly allege that the statements in the Article were of and concerning him as an individual apart from his membership in Phi Kappa Psi and has dismissed Plaintiff Hadford's

individual claims.  The United States Court of Appeals for the Second Circuit affirmed the Court's ruling dismissing Plaintiff Hadford's individual claims.

161.    Defendants deny that Phi Kappa Psi does not participate in rush in the fall semester and does not have pledges in the fall semester.  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161 of the Second Amended Complaint, and therefore deny such allegations.  While Defendants – as well as, upon information and belief, multiple UVA administrators and law enforcement officers who interviewed and/or spoken directly with Jackie about her allegations – believed Jackie's allegations were credible when Rolling Stone published the Article, Defendants now lack knowledge or information sufficient to form a belief as to what in fact befell Jackie on the night of September 28, 2012.

162.    Defendants deny that they caused harm to Plaintiffs' reputations.  Responding further, Defendants state that the Court has ruled that Plaintiff Hadford did not plausibly allege that the statements in the Article were of and concerning him as an individual apart from his membership in Phi Kappa Psi and has dismissed Plaintiff Hadford's individual claims.  The United States Court of Appeals for the Second Circuit affirmed the Court's ruling dismissing Plaintiff Hadford's individual claims.

163.    To the extent the allegations of Paragraph 163 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 163 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

164.    To the extent the allegations of Paragraph 164 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent

the allegations of Paragraph 164 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

165.    To the extent the allegations of Paragraph 165 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 165 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

166.    To the extent the allegations of Paragraph 166 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 166 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

167.    To the extent the allegations of Paragraph 167 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 167 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

168.    To the extent the allegations of Paragraph 168 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 168 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

169.    To the extent the allegations of Paragraph 169 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 169 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

170.    Defendants deny that Erdely was an employee of Rolling Stone and state that Erdely was an independent contractor of Rolling Stone.  To the extent the remaining allegations of Paragraph 170 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny those remaining allegations of Paragraph 170 of the Second Amended Complaint that are deemed to be allegations of fact.

171.    Defendants deny the allegations in Paragraph 171 of the Second Amended Complaint.  Responding further, Defendants state that the Court has ruled that Plaintiff Hadford did not plausibly allege that the statements in the Article were of and concerning him as an individual apart from his membership in Phi Kappa Psi and has dismissed Plaintiff Hadford's individual claims.  The United States Court of Appeals for the Second Circuit affirmed the Court's ruling dismissing Plaintiff Hadford's individual claims.

172.    To the extent the allegations of Paragraph 172 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 172 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

173.    To the extent the allegations of Paragraph 173 of the Second Amended Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent the allegations of Paragraph 173 of the Second Amended Complaint are deemed to be allegations of fact, Defendants deny them.

With respect to the Wherefore clause in Plaintiffs' Count II, Defendants deny that Plaintiffs are entitled to any relief, including interest, costs, attorney's fees, punitive damages, or any other form of relief.

## RESPONSE TO COUNT THREE OF THE SECOND AMENDED COMPLAINT

174.    Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.  Responding further, Defendants state that the Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 174 of the Second Amended Complaint.

175.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 175 of the Second Amended Complaint.

176.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 176 of the Second Amended Complaint.

177.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 177 of the Second Amended Complaint.

178.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 178 of the Second Amended Complaint.

179.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 179 of the Second Amended Complaint.

4845-3619-5156v.1 3770077-000052

180.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 180 of the Second Amended Complaint.

181.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 181 of the Second Amended Complaint.

182.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 182 of the Second Amended Complaint.

183.    The Court has dismissed Count III of the Second Amended Complaint, and the United States Court of Appeals for the Second Circuit affirmed that dismissal.  Accordingly, no response is necessary to the allegations in Paragraph 183 of the Second Amended Complaint.

With respect to the Wherefore clause in Plaintiffs' Count III, in dismissing Count III of Plaintiffs' Second Amended Complaint, the Court has already ruled that Plaintiffs are not entitled to any relief, including interest, costs, attorney's fees, punitive damages, or any other form of relief, on Count III.

### RESPONSE TO COUNT FOUR OF THE SECOND AMENDED COMPLAINT

184.    Defendants incorporate by reference their responses to each of the foregoing paragraphs as if set forth fully herein.  Responding further, Defendants state that Plaintiffs have voluntarily dismissed Count IV of their Second Amended Complaint.  Accordingly, no response is necessary to the allegations in Paragraph 184 of the Second Amended Complaint.

4845-3619-5156v.1 3770077-000052

185.     Plaintiffs have voluntarily dismissed Count IV of their Second Amended Complaint.  Accordingly, no response is necessary to the allegations in Paragraph 185 of the Second Amended Complaint.

186.     Plaintiffs have voluntarily dismissed Count IV of their Second Amended Complaint.  Accordingly, no response is necessary to the allegations in Paragraph 186 of the Second Amended Complaint.

187.     Plaintiffs have voluntarily dismissed Count IV of their Second Amended Complaint.  Accordingly, no response is necessary to the allegations in Paragraph 187 of the Second Amended Complaint.

188.     Plaintiffs have voluntarily dismissed Count IV of their Second Amended Complaint.  Accordingly, no response is necessary to the allegations in Paragraph 188 of the Second Amended Complaint.

189.     Plaintiffs have voluntarily dismissed Count IV of their Second Amended Complaint.  Accordingly, no response is necessary to the allegations in Paragraph 189 of the Second Amended Complaint.

190.     Plaintiffs have voluntarily dismissed Count IV of their Second Amended Complaint.  Accordingly, no response is necessary to the allegations in Paragraph 190 of the Second Amended Complaint.

With respect to the Wherefore clause in Plaintiffs' Count VI, in voluntarily dismissing Count IV of their Second Amended Complaint, Plaintiffs have conceded they are not entitled to any relief, including interest, costs, attorney's fees, punitive damages, or any other form of relief, on Count IV.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses.  In asserting these defenses, Defendants incorporate by reference their General Denial and their responses to each of the foregoing paragraphs of the Second Amended Complaint as if set forth fully herein. Additionally, in asserting these defenses, Defendants do not assume the burden of proof with respect to any issue as to which the applicable law places the burden of proof upon Plaintiffs. Defendants expressly reserve the right to supplement, amend, or withdraw any of the following defenses as warranted by discovery or other investigation, or as justice may require.

### FIRST DEFENSE

The Second Amended Complaint fails to state a cause of action against Defendants, in whole or in part, upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims fail because, at all times and places mentioned in the Second Amended Complaint, Plaintiffs and/or persons or entities with whom Plaintiffs had joined together by mutual consent, and who were acting as, for, and on behalf of the membership of Phi Kappa Psi's chapter at UVA, including Plaintiffs, acting on Plaintiffs' behalf failed to make reasonable efforts to mitigate the injuries and damages allegedly suffered.

### THIRD DEFENSE

All or part of Plaintiffs' alleged injuries and damages were caused and/or contributed to by third parties who Plaintiffs have not sued, including Phi Kappa Psi, Phi Kappa Psi's chapter at UVA, and members and alumni of Phi Kappa Psi's chapter at UVA, with whom Plaintiffs had joined together by mutual consent, and who were acting as, for, and on behalf of the membership of Phi Kappa Psi's chapter at UVA, including Plaintiffs.

4845-3619-5156v.1 3770077-000052

## FOURTH DEFENSE

Plaintiffs' claims fail because some or all of the statements in suit are not capable of being proven true or false and/or constitute opinion and, hence, are non-actionable under the First and Fourteenth Amendments to the U.S. Constitution, the Constitution of the State of New York, and governing common law.

## FIFTH DEFENSE

Plaintiffs' claims fail because some or all of the statements in suit, to the extent they are capable of being proven true or false, are true or substantially true and, therefore, are absolutely protected under the First and Fourteenth Amendments to the U.S. Constitution, the Constitution of the State of New York, and by governing common law.

## SIXTH DEFENSE

Plaintiffs' claims fail because some or all of the statements in suit are not "of and concerning" Plaintiffs.

## SEVENTH DEFENSE

Plaintiffs' claims fail because some or all of the statements in suit are not reasonably susceptible to a defamatory meaning, and thus cannot give rise to any claim against Defendants.

## EIGHTH DEFENSE

Plaintiffs' claims fail because Defendants did not publish the statements in suit with negligence, gross irresponsibility, actual malice, or any other applicable degree of fault.

## NINTH DEFENSE

Plaintiffs' claims fail because some or all of the statements in suit are not defamatory *per se* or defamatory *per quod*, and Plaintiffs have not alleged or suffered any special damages. Eight

4845-3619-5156v.1 3770077-000052

**TENTH DEFENSE**

Plaintiffs' claims fail because some or all of the statements in suit are privileged under New York law and common law.

**ELEVENTH DEFENSE**

Plaintiffs' claims fail because Plaintiffs have not suffered any actual harm or damages as a result of, or proximately caused by, the statements in suit.

**TWELFTH DEFENSE**

Plaintiffs may not recover punitive damages since the statements in suit were not published with constitutional "actual malice" and/or common law malice.

**THIRTEENTH DEFENSE**

The Second Amended Complaint, to the extent it seeks punitive damages, violates Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

**FOURTEENTH DEFENSE**

Plaintiffs' claims against Wenner Media fail because Wenner Media did not publish any statements at issue in this action and thus is not a proper defendant.

**FIFTEENTH DEFENSE**

Plaintiffs' claims against Wenner Media fail because Wenner Media is a corporate parent entity and Plaintiffs have not alleged, nor could Plaintiffs prove, facts sufficient to allow piercing the corporate veil.

**SIXTEENTH DEFENSE**

Defendants reserve the right to amend their Answer and Affirmative and Other Defenses to assert such additional, yet unstated, defenses as may later become available or apparent to

4845-3619-5156v.1 3770077-000052

Defendants.

WHEREFORE, Defendants demand judgment dismissing the Second Amended

Complaint, together with the costs and disbursements of the action, including reasonable

attorneys' fees, and such other further relief as is fair and equitable.


Dated:   November 10, 2017                    Respectfully submitted,

                                             /s/ Elizabeth A. McNamara
                                             Elizabeth A. McNamara
                                             Abigail B. Everdell
                                             DAVIS WRIGHT TREMAINE LLP
                                             1251 Avenue of the Americas, 21st Floor
                                             New York, New York 10020
                                             Telephone: (212) 489-8230
                                             Fax: (212) 489-8340
                                             lizmcnamara@dwt.com
                                             abigaileverdell@dwt.com

                                             Douglas E. Fierberg (*pro hac vice* pending)
                                             Jonathon N. Fazzola (*pro hac vice* pending)
                                             THE FIERBERG NATIONAL LAW GROUP
                                             1710 Pennsylvania Avenue, NW, Suite 300
                                             Washington, DC  20006
                                             Telephone: (202) 351-0510
                                             Fax: (231) 252-8100
                                             dfierberg@tfnlgroup.com
                                             jfazzola@tfnlgroup.com

                                             Alison Schary
                                             DAVIS WRIGHT TREMAINE LLP
                                             1919 Pennsylvania Avenue NW, Suite 800
                                             Washington, DC 20006-3401
                                             Telephone: (202) 973-4248
                                             Fax: (202) 973-4448
                                             alisonschary@dwt.com

                                             *Attorneys for Defendants Rolling Stone LLC,*
                                             *Sabrina Rubin Erdely and Wenner Media LLC*

4845-3619-5156v.1 3770077-000052